# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DONALD ROSMARINOFSKI
and LINDA ROSMARINOFSKI,

    Plaintiffs,

v.                                                         CASE NO. 8:20-cv-2371-WFJ-AAS

LDRV HOLDINGS CORP. d/b/a
Lazy Days RV,

    Defendant/Third-Party Plaintiff,

v.

REV RECREATION GROUP, INC.,

    Third-Party Defendant.
_____/

## **ORDER**

Before the Court is Third-Party Defendant's motion to dismiss (Dkt. 33), Third-Party Plaintiff's response (Dkt. 40), and the reply (Dkt. 42). After careful consideration of the allegations of the amended third-party complaint (Dkt. 32) and the applicable law, the Court denies the motion.

## BACKGROUND

Plaintiffs purchased a new American Coach from LDRV Holdings Corp. d/b/a Lazy Days RV ("LDRV") in 2019. Dkt. 1-3 ¶ 6; Dkt. 32 ¶ 17. After many unsuccessful repairs, Plaintiffs now sue LDRV for damages and equitable relief,

alleging the American Coach is defective in manufacture, selection of materials including the chassis, workmanship, and design. Dkt. 1-3 ¶¶ 5, 9; Dkt. 32 ¶¶ 19, 34, 37. LDRV, in turn, brings this third-party action against the manufacturer—REV Recreation Group, Inc. ("REV")—for contractual indemnification, breach of contract, and indemnification. Dkt. 32.

## DISCUSSION

REV seeks to dismiss all three counts of the third-party complaint. REV describes itself as a "remote manufacturer" which cannot be sued to indemnify LDRV for breach of an implied warranty and revocation of acceptance—the two claims alleged in the underlying complaint. Dkt. 33 at 2. LDRV argues REV expressly undertook such an obligation and may not avoid the unambiguous terms of its contract.

A Dealer Sales and Service Agreement ("the Agreement") covers the relationship between LDRV and REV. Dkt. 32 ¶¶ 40, 41. It contains the following indemnification clause:

> 18. . . .Upon receipt of written notice from you, we will assume the defense of and indemnify you from any and all claims, judgment and expenses resulting from personal injury, property damage or breach of our written warranty, including reasonable attorneys' fees, to the extent claimed or proven to be due to product design, manufacturing defect, or description set forth in our created advertisements or literature unless you received notice of the product design, manufacturing defect or description prior to retail delivery and failed to follow our instruction to repair the issue. If we reasonably conclude that allegations not involving our fault are being pursued in the lawsuit, we retain the right

2

> to decline to accept the defense or to indemnify you. *Notwithstanding the terms of this paragraph, we shall defend and indemnify you from claims involving an alleged design or manufacturing defect, even if it is alleged that you failed to discover, disclose or remedy the design or manufactured defect in the Product.*

Dkt. 32 ¶ 40 (emphasis added). The issue is whether an irreconcilable conflict exists between the last sentence (italicized above) and the preceding sentences of the paragraph.

LDRV seeks indemnification relying on the last sentence which, it argues, "carves out an exception" that "must be read to stand alone." Dkt. 40 at 3–4. REV counters that LDRV's interpretation of the last sentence renders the preceding sentences meaningless. Under LDRV's interpretation, REV claims it would be obligated to indemnify for any defect in design and manufacture "under any circumstances" regardless of the notice and failure to repair provisions in the same paragraph.

Both parties cite to *Land O'Sun Realty Ltd. v. REW JB Gas Invest.*, 685 So. 2d 870 (Fla. 3d DCA 1996). Dkt. 40 at 4; Dkt. 42 at 5. *Land O'Sun* was decided on appeal from a declaratory judgment based on a jury verdict. *Id*. at 871. The appellate court affirmed the trial court's interpretation of a written contract after the trial court considered "extensive parol evidence" regarding any irreconcilable conflict. *Id*. at 872.

At this stage of the proceedings, the Court declines to dismiss the third-party complaint until further development of the record. Accordingly, the motion to dismiss (Dkt. 33) is denied. REV shall file its answer and defenses to the third-party complaint within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on May 12, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record

4